ROSELANDE REJOUIS, ADMINISTRATRIX
(ESTATE OF JEAN CLAUDE BOITEUX)
*v.* GREENWICH TAXI, INC., ET AL.
(SC 16794)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued March 12—officially released April 15, 2003

*Mark F. Katz*, for the appellants (named defendant et al.).

*Laurel Fedor*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is a breach of contract action brought by the plaintiff, Roselande Rejouis, the administratrix of the estate Jean Claude Boiteux (decedent), based on an agreement between the decedent and the defendant taxi companies for the provision of workers' compensation benefits by the defendants through a plan administered by a third party. The decedent had been murdered while on the job, and the plaintiff brought this action for the contractual benefits. A jury found that the defendants had breached the contract for benefits, and that the plaintiff was entitled to prejudgment interest on the award at the rate of 10 percent per annum, but declined to calculate the amount of the interest. When the jury returned its verdict without calculating the amount of the interest, the trial court, *D'Andrea, J.*, returned the jury to the jury room with instruction that it may do so. In the jury's absence, the court stated that, if the jury did not calculate the amount of the interest, the court would do so. Neither the plaintiff nor the defendants objected to this unorthodox procedure. The jury then returned with the same award,

and the same finding that the plaintiff was entitled to prejudgment interest at 10 percent per annum, but without calculating the amount of the interest. The court accepted the verdict, again with neither party objecting to the court's stated intention of calculating the amount of the interest. Subsequently, the trial court set the entire verdict aside on the grounds that there was insufficient evidence to support the award of damages and that the jury's verdict had been influenced by sympathy.

The plaintiff then appealed to the Appellate Court, which reversed the judgment of the trial court, and remanded the case to that court with direction to reinstate the jury's verdict. *Rejouis* v. *Greenwich Taxi, Inc.*, 57 Conn. App. 778, 788, 750 A.2d 501 (2000). Upon the remand, the trial court, *Mintz, J.*, calculated the interest at 10 percent per annum, and chose the initial date of the interest calculation to be the filing date of the plaintiff's complaint. Thereafter, the defendants appealed to the Appellate Court challenging the trial court's award of interest. The Appellate Court affirmed the trial court's judgment, without opinion. *Rejouis* v. *Greenwich Taxi, Inc.*, 69 Conn. App. 904, 798 A.2d 500 (2002). This certified appeal followed.[1]

After examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[1] We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the trial court's award of prejudgment interest?" *Rejouis* v. *Greenwich Taxi, Inc.*, 261 Conn. 906, 907, 804 A.2d 213 (2002).